Daniel, J.
 

 The defendant, a free negro, at Spring Term, 1844, of Guilford Superior Court, was found guilty
 
 *242
 
 by the jury, on an indictment, for living and co-habiting' with a certain female slave named Peggy, the property of one George Albright, contrary to the statute,
 
 (Rev. Stat. ch.
 
 91,
 
 sec.
 
 77.)
 

 lie was then bound in a recognizance to appear at the-next Term ; and, at the succeeding Term, the entry on the record was as follows : “ It appearing that he (the defendant) has complied with his recognizance entered into at last Term, he and his surety are discharged.” This discharge was certainly from his recognizance, and not from the indictment and verdict. At Spring Term, 1846,. the diefendant was brought into Court, and the State- then prayed judgment against him upon the said verdict. The defendant resisted the motion, because, as-he then said, the master of the slave Peggy had originally-given his consent to their marriage and co-habitation.. If this assertion was true, the Act of Assembly passed in-the year 1845 repealed the first Act, so far as it related to the defendant’s case ; and no. judgment should have been rendered against him. For the last Act declares, ■ that the first Act shall- not extend to cases- of intermarriage between slaves and free persons of color, had before the passage of the last Act, where the consent of the owners of the slaves had been given. The last Act was passed, after the defendant was convicted. If his allegation had been true, and be had made it appear to the-Superior Court by affidavits, it is very probable the Court might, in its discretion, have set the verdict aside and' given him a new trial. Rut he did not take th.at course and the verdict on the record precluded the Court’s listening to his evidence as a defence. The Court could not try the fact. There is nothing that shews, that the Court erred in rendering the judgment. This opinion, must be certified.
 

 , Pebx CuRiam-Ordered accordingly..